
FILED
CHARLOTTE, NC
SEP 0 6 2011
U.S. DISTRICT COURT
WESTERN DISTRICT OF NC

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>PRESTIGE CAPITAL ADVISORS, LLC, a Delaware Limited Liability Company, D2W CAPITAL MANAGEMENT, LLC, a North Carolina Limited Liability Company, and TOBY D. HUNTER, an individual,<br><br>Defendants. | CASE NO. 3:11cv431 |

## ORDER GRANTING PLAINTIFF'S *EX PARTE* EMERGENCY MOTION FOR STATUTORY RESTRAINING ORDER, EXPEDITED DISCOVERY, PRELIMINARY INJUNCTION, AND OTHER EQUITABLE RELIEF

This matter came before the Court for hearing on 9-6-___, 2011, on Plaintiff's *Ex Parte* Emergency Motion for Statutory Restraining Order, Expedited Discovery, Preliminary Injunction, and Other Equitable Relief, and Memorandum in Support ("Motion") in the above-captioned proceeding. The Court, having considered the Motion, memorandum in support, and all other evidence presented by Plaintiff, and having heard the arguments of Plaintiff's counsel, finds that:

1. This Court has jurisdiction over the parties and over the subject matter of this action pursuant to Section 6c of the Commodity Exchange Act (the "Act"), to be codified at 7 U.S.C. § 13a-1, and Section 2(c)(2) of the Act, as amended by the Food, Conservation, and Energy Act of 2008, Pub. L. No. 110-246, Title XIII (the CFTC Reauthorization Act ("CRA")), §§ 13101-13204, 122 Stat. 1651 (effective June 18, 2008), to be codified at 7 U.S.C. § 2(c)(2).

1

2. Venue lies properly within this District pursuant to Section 6c(e) of the Act, to be codified at 7 U.S.C. § 13a-1(e).

3. There is good cause to believe that Prestige Capital Advisors, LLC ("Prestige"), D2W Capital Management, LLC ("D2W"), and Toby D. Hunter ("Hunter"), (collectively "Defendants"), have engaged, are engaging, and are about to engage in acts and practices constituting violations of the Act, to be codified at 7 U.S.C. §§ 1 *et seq.*, and Commission Regulations ("Regulations"), 17 C.F.R. §§ 1.1, *et seq.* (2011).

4. There is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief for clients and pool participants in the form of monetary or other redress will occur from the sale, transfer, assignment, or other disposition by Defendants of assets or records unless Defendants are immediately restrained and enjoined by Order of the Court. Therefore, good cause exists for the freezing of assets owned, controlled, managed, or held by, on behalf of, or for the benefit of Defendants. Good cause also exists for entry of an order prohibiting Defendants and their agents from destroying records and/or denying agents of the Commission access to inspect and copy records to ensure that Commission representatives have immediate and complete access to those books and records.

5. Good cause exists for Plaintiff to conduct expedited discovery in order to determine the full extent of Defendants' alleged wrongdoing, locate Defendants' other clients and pool participants, identify clients' funds, pool participants' funds, and assets of the Defendants, and clarify the source and disposition of various funds.

6. Weighing the equities and considering the Commission's likelihood of success in its claims for relief, the issuance of a statutory restraining order is in the public interest.

## DEFINITIONS

For purposes of this Order, the following definitions apply:

7. The term "document" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure ("FRCP") 34(a), and includes, but is not limited to, writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

8. The term "assets" means any legal or equitable interest in, right to, or claim to, any real or personal property, whether individually or jointly, direct or indirect control, and wherever located, including but not limited to: chattels, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, mail or other deliveries, inventory, checks, notes, accounts (including, but not limited to, bank accounts and accounts at other financial institutions), credits, receivables, lines of credit, contracts (including futures or option contracts), insurance policies, and all cash.

9. "Defendants" shall mean and refer to not only Prestige, D2W, and Hunter, but also to their agents, servants, employees, assigns, attorneys, and persons in active concert or participation with them, including any successor thereof, and any d/b/a, successor, affiliate, subsidiary, or other entity owned, controlled, managed, or held by, on behalf of, or for the benefit of Prestige, D2W, and/or Hunter.

## RELIEF GRANTED

### I. Order Against Transfer, Dissipation, and Disposal of Assets

**IT IS HEREBY ORDERED** that:

10. Defendants and any other persons who receive actual notice of this Order by personal service or otherwise, are restrained and enjoined from directly or indirectly transferring, selling, alienating, liquidating, encumbering, pledging, leasing, loaning, assigning, concealing, dissipating, converting, withdrawing, or otherwise disposing of any of Defendants' assets, wherever located, including assets held outside the United States, except as provided in Section II of this Order, or as otherwise ordered by the Court. The assets affected by this paragraph shall include both Defendants' existing assets and assets acquired by Defendants after the effective date of this Order.

11. Defendants are restrained and enjoined from directly or indirectly opening or causing to be opened any safe deposit boxes titled in the name of or subject to access by Defendants.

### II. Accounting and Transfer of Assets and Documents

**IT IS FURTHER ORDERED**, that <u>within five (5) business days</u> following the service of this Order, Defendants shall:

12. Provide the Commission with a full detailed accounting of all documents that refer or relate in any manner to any transaction or matter described in the Complaint in this case and all assets in Defendants' possession, custody, or control, whether direct or indirect, held jointly or singly, or held by another for the benefit of one or more of the Defendants, located both inside and outside of the United States;

13. Transfer to the territory of the United States all documents that refer or relate in any manner to any transaction or matter described in the Complaint in this case and all assets

4

located outside the United States that are in Defendants' possession, custody, or control, whether direct or indirect, held jointly or singly, or held by another for the benefit of one or more of the Defendants; and

14. Provide the Commission immediate access to all records of Defendants held by financial institutions located within or outside the territorial United States by signing the Consent to Release of Financial Records attached to this Order.

15. Defendants and any other persons who receive actual notice of this Order by personal service or otherwise, shall cooperate in every way with any reasonable request from the Commission or others working with the Commission to provide information regarding documents that refer or relate in any manner to any transaction or matter described in the Complaint in this case and Defendants' assets.

## III. Directives to Financial Institutions and Others

IT IS FURTHER ORDERED, pending further Order of this Court, that any financial or brokerage institution, business entity, or person that holds or has held, controls or has controlled, or maintains or has maintained custody of any account or other of Defendants' assets, including but not limited to accounts held in the names of Prestige Capital Partners, Inc., Prestige Private Equity Fund LP, Prestige Multi-Strategy Fund LP, Prestige Export Import International, Global Motorist, LLC, Pinnacle Global Investments LLC, Berkeley Avenue Partners, LLC, Inspiron Capital Holdings LLC, Prestige Investment Partners LLC, Blue Horizon Investments, and Debt 2 Wealth, at any time since January 1, 2008, shall:

16. **Immediately upon receipt of a copy of this Order** prohibit Defendants and all other persons from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling, or otherwise disposing of any of Defendants' assets;

17. Deny Defendants and all other persons access to any safe deposit box that is: (a) owned, controlled, managed, or held by, on behalf of, or for the benefit of Defendants, either individually or jointly, whether in the name, alias, or fictitious "doing business as" name; or (b) otherwise subject to access by Defendants;

18. Provide counsel for the Commission, **within five (5) business days of receiving a copy of this Order**, a statement setting forth: (a) the identification number of each and every account or other asset owned, controlled, managed, or held by, on behalf of, or for the benefit of Defendants, either individually or jointly; (b) the balance of each such account, or a description of the nature and value of such asset as of the close of business on the day on which this Order is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other asset was remitted; and (c) the identification of any safe deposit box that is owned, controlled, managed, or held by, on behalf of, or for the benefit of Defendants, either individually or jointly, or is otherwise subject to access by Defendants; and

19. Upon request by the Commission, **within ten (10) business days or such longer period specified by the Commission**, provide the Commission with copies of all records or other documentation pertaining to each such account or asset, including, but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, Forms 1099, and safe deposit box logs.

IV. Maintenance of Business Records

IT IS FURTHER ORDERED that:

20. Defendants and any other persons who receive actual notice of this Order by personal service or otherwise, are restrained and enjoined from directly or indirectly destroying,

mutilating, erasing, altering, concealing or disposing of, in any manner, directly or indirectly, any documents or records, wherever such materials may be situated, that refer or relate in any manner to any transaction or matter described in the Complaint in this case.

V. Inspection and Copying of Books and Records

IT IS FURTHER ORDERED that:

21. Representatives of the Commission (accompanied by representatives of other federal or state authorities or the National Futures Association, if the Commission so desires) shall be allowed immediate and continued access, until further Order of this Court, to inspect the books, records, and other documents of Defendants that refer or relate in any manner to any transaction or matter described in the Complaint in this case, including, but not limited to, electronically stored information, tape recordings, and computer discs, wherever they may be situated and whether they are in the person of Defendants or others, and to copy said documents, information and records, either on or off the premises;

22. Defendants shall, **within 24 hours of service of this Order upon them**, cause to be prepared and delivered to the Commission, a detailed and complete schedule of all passwords and identification (ID) numbers for all websites, electronic mail accounts, videophone accounts, and all accounts at any bank, financial institution or brokerage firm (including any introducing broker or futures commission merchant) operated by or to which any of the Defendants has access; and

23. Defendants shall, **within 24 hours of service of this Order upon them**, cause to be prepared and delivered to the Commission, a detailed and complete schedule of all desk top computers, laptop computers, and/or personal digital assistants (PDA) owned and/or used by them in connection with Defendants' business, and, in the case of Defendant Hunter, owned and/or used by him for any purpose. The schedules required by this section shall include at a

7

minimum the make, model, and description of each computer and/or PDA, along with its location, the name of the person primarily assigned to use the computer and/or PDA, and all passwords necessary to access and use the software contained on the computer and/or PDA. The Commission shall be authorized to make an electronic, digital, or hard copy of all of the data contained on the computer(s) and/or PDA(s).

24. Defendants and any other persons who receive actual notice of this Order by personal service or otherwise, shall cooperate in every way with the Commission or others working with the Commission to locate and provide to the Commission all books, records, and other documents that refer or relate in any manner to any transaction or matter described in the Complaint in this case, wherever such books, records, and other documents may be situated, and to locate and provide to the Commission information regarding the whereabouts of Defendants.

VI. **Order Granting Expedited Discovery**

**IT IS HEREBY ORDERED that:**

25. The Commission may conduct expedited discovery, removing the prohibition upon discovery before the early meeting of counsel pursuant to FRCP 26(f), in accordance with FRCP 26(d), and that the Commission may take depositions of Defendants and non-parties subject to two calendar days notice pursuant to FRCP 30(a) and 45, that notice may be given personally, by facsimile, or by electronic mail, and more than ten depositions may be taken.

26. The Commission may conduct expedited discovery to enable the Commission to fulfill its statutory duties and protect investors from further loss or damage. This expedited discovery will allow the Commission to determine the full extent of Defendants' alleged wrongdoing (including, but not limited to, the possible involvement of others), identify and locate Defendants' other clients and pool participants, identify clients' funds, pool participants' funds, and assets of the Defendants, and clarify the sources of various funds.

## VII. Injunction Against Interference with Assets

IT IS FURTHER ORDERED that:

27. Absent express permission and leave by this Court, all persons, including but not limited to Defendants and all clients, investors, trust beneficiaries, note holders, creditors, claimants, lessors, and all other persons or entities seeking relief of any kind from Defendants' assets (other than the present action by the Commission and/or any civil or criminal action brought by another federal or state agency), in law or in equity, and all persons acting on behalf of any such investor, trust beneficiary, note holder, creditor, claimant, lessor, consultant group, or other person, including sheriffs, marshals, and all officers and deputies, and their respective attorneys, servants, agents and employees, are, until further order of this Court, hereby restrained and enjoined from doing anything, directly or indirectly, to interfere with Defendants' assets. Accordingly, all such persons are enjoined from engaging in any self-help, including set-offs, and from filing or prosecuting any actions or proceedings which affect Defendants' assets, specifically including any proceeding initiated pursuant to the United States Bankruptcy Code, except with prior permission of this Court. Moreover, any such actions that are so authorized shall be filed in this Court.

## VIII. Bond Not Required of Plaintiff

IT IS FURTHER ORDERED that:

28. Plaintiff Commission is an agency of the United States of America and, accordingly, need not post a bond.

## IX. Order to Show Cause

IT IS FURTHER ORDERED that:

29. Defendants shall appear before this Court on the 3rd day of October, 2011, at 2, P.m., before the Honorable Max O. Cogburn, Jr. at the

9

United States Courthouse for the Western District of North Carolina, Room 212, 410 W. Trade St., Charlotte, NC 28202, to show cause, if there be any, why an Order for Preliminary Injunction should not be granted to prohibit further violations of the Act and Regulations and why the other relief requested should not be granted pending trial on the merits of this action.

30. Should any party wish to file a memorandum of law or other papers in opposition to Plaintiff's Motion for a Preliminary Injunction, all papers shall be filed on or before _September 21_, 2011 and served via facsimile or overnight delivery to the Commission's Washington D.C. office no later than _9_ o'clock _A_.m. on _September 22_, 2011. Any reply papers shall be filed with the Court and delivered to opposing counsel no later than _9_ o'clock _A_.m. on _September 29_, 2011. Service of all papers shall be by electronic mail, facsimile, or personal service.

X. Service

**IT IS FURTHER ORDERED** that:

31. Copies of this Order may be served by any means, including facsimile transmission, upon any entity or person that may have possession, custody, or control of any documents or any of Defendants' assets that may be subject to any provision of this Order, and, additionally, that Eugenia Vroustouris, Daniel Jordan, Michael Loconte, Erica Bodin, Jeremy Christianson, Shannon Perkins, and Rick Glaser, or representatives thereof, and representative(s) of the U.S. Marshal Service are specially appointed by the Court to effect service. Further, service of the Summons, Complaint, or other process may be effected by any Commission representative, any U.S. Marshal or deputy U.S. Marshal, or in accordance with FRCP 4, and service on corporate entities may be effected by serving the Summons, Complaint, or other process via overnight delivery to the registered agent of said corporate entities.

## XI. Assistance of U.S. Marshal's Office and Other Law Enforcement Personnel

IT IS FURTHER ORDERED that:

32. The U.S. Marshal's Office shall accompany and assist the Commission's representatives outside and inside the premises, as well as secure the premises, in the service and execution of this Order and to undertake such efforts as are reasonably necessary to ensure that the Commission's representatives have an unimpeded right to inspect and copy books, records, and documents as set forth above wherever such books, records, and documents are or are believed by the Commission to be located. State and local law enforcement agencies are also authorized to so assist the Commission in this manner.

## XII. Force and Effect

IT IS FURTHER ORDERED that:

33. This Order shall remain in full force and effect until further order of this Court and that this Court retains jurisdiction of this matter for all purposes.

IT IS SO ORDERED, at Charlotte, North Carolina on the 6th day of September, 2011, at 11 A .m.

UNITED STATES DISTRICT JUDGE
WESTERN DISTRICT OF NORTH CAROLINA

# CONSENT TO RELEASE OF FINANCIAL RECORDS

I, _____, a resident of _____, do hereby direct any bank, trust, or other financial company, as well as any of its officers, employees, and agents, at which I have or had a bank account or other financial account of any kind operated under my name or any other name (including any corporation or other entity) for which I am or was authorized to draw on the account, to disclose all information and deliver copies of all documents of every nature in the bank's, trust's, or other financial company's possession or control which relate to said bank or other financial accounts to any attorney or investigator of the United States Commodity Futures Trading Commission and to give evidence relevant thereto, in the matter of *United States Commodity Futures Trading Commission v. Prestige Capital Advisors, LLC, et al.,* Case No. _____, now pending before the United States District Court for the Western District of North Carolina, and this shall be irrevocable authority for so doing. This direction is intended to apply to not only the laws of the United States, but also to the law of countries other than the United States which restrict or prohibit the disclosure of bank information without the consent of the holder of the account, and shall be construed as consent with respect thereto, and the same shall apply to any of the bank accounts or other financial accounts for which I may be a relevant principal.

Dated:_____          _____
                                        Printed Name


                                        _____
                                        Signature