UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>PRESTIGE CAPITAL ADVISORS, LLC, a Delaware Limited Liability Company, D2W CAPITAL MANAGEMENT, LLC, a North Carolina Limited Liability Company, and TOBY D. HUNTER, an individual,<br><br>Defendants. | CASE NO. 3:11cv431 |

## CONSENT ORDER OF PRELIMINARY INJUNCTION AND FOR OTHER EQUITABLE RELIEF AGAINST DEFENDANT TOBY D. HUNTER

Plaintiff U.S. Commodity Futures Trading Commission ("Commission") has filed a Complaint for Injunctive Relief, Civil Monetary Penalties, and Other Equitable Relief [D.E. # 2] and moved for a preliminary injunction. The Court has considered the pleadings, exhibits, and memorandum filed in support of the Commission's motion for preliminary injunction, and any opposition papers filed thereto. The Court finds that defendant Toby D. Hunter ("Hunter" or "Defendant"), as evidenced by his signature below, acknowledges service of the Summons and Complaint, admits to this Court's jurisdiction over him and the subject matter of this action, and admits that venue lies properly with this Court. The Court further finds Hunter, without admitting or denying the allegations of the Complaint except as to jurisdiction and venue, consents to the entry of this Order. The Court also finds that Hunter's consent to this Order is entered into voluntarily and that no promise or threat has been made by the Commission, or any

1

member, officer, agent, or representative of the Commission, to induce Hunter to consent to this Order.

As it appears to the Court that there is good cause to believe that Hunter has engaged in, is engaging in, or is about to engage in violations of the Commodity Exchange Act (the "Act"), 7 U.S.C. §§ 1 *et seq.*, as amended by the Food, Conservation, and Energy Act of 2008, Pub. L. No. 110-246, Title XIII (the CFTC Reauthorization Act of 2008 ("CRA")), §§ 13101-13204, 122 Stat. 1651 (enacted June 18, 2008), and Commission Regulations ("Regulations"), 17 C.F.R. §§ 1.1, *et seq.* (2008), and that this is a proper case for granting a preliminary injunction to preserve the status quo, protect investors from further loss and damage, and enable the Commission to fulfill its statutory duties, the Court finds as follows:

I.

*Jurisdiction and Venue*

THE PARTIES AGREE AND IT IS HEREBY ORDERED that:

1. The Court has jurisdiction over the parties, subject matter and transactions at issue in this action pursuant to Section 6c of the Act, to be codified at 7 U.S.C. §13a-1, and Section 2(c)(2) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 2(c)(2).

2. Venue properly lies within this District pursuant to Section 6c(e) of the Act, to be codified at 7 U.S.C. § 13a-1(e).

II.

*Order of Preliminary Injunction*

THE PARTIES AGREE AND IT IS FURTHER ORDERED that:

3. Hunter, and all persons insofar as they are acting in the capacity of agents, servants, employees, successors, assigns, or attorneys of Hunter, and all persons insofar as they

are acting in active concert or participation with Hunter who receive actual notice of this Order by personal service or otherwise, shall be prohibited and restrained from directly or indirectly engaging in any conduct in violation of Sections 4b(a)(1)(A)-(C), 4b(a)(2)(B), 4c(b), and 4o of the Act, to be codified at 7 U.S.C. §§ 6b(a)(1)(A)-(C), 6b(a)(2)(B), 6c(b), and 6o, and Commission Regulations 4.20(b) and (c), 4.30, and 33.10, 17 C.F.R. §§ 4.20(b) and (c), 4.30, and 33.10 (2011).

III.

*Force and Effect*

THE PARTIES AGREE AND IT IS FURTHER ORDERED that:

4. This Order shall remain in full force and effect until further order of this Court and that this Court retains jurisdiction of this matter for all purposes. Further, the Court's September 6, 2011 Statutory Restraining Order ("SRO") [D.E. #6] and the terms and conditions set forth therein are incorporated herein by reference and shall remain in full force and effect until further order of this Court or as otherwise provided herein.

5. Notwithstanding Sections I and III of the SRO, Defendant Hunter shall be permitted to spend up to $4500.00 per month, to pay for housing, food, and other living expenses only, from assets or income acquired after September 6, 2011, including proceeds from the sale of Defendant's current personal assets (the "after-acquired income"), provided that:

    a. the after-acquired income is or was not derived, directly or indirectly, from the operations of Defendants Prestige Capital Advisors, LLC and/or D2W Capital Management, LLC;

    b. any sale of Defendant's current personal assets is conducted at arm's length with a *bona fide* third party;

c. the after-acquired income, including any and all proceeds from any sale of Defendant's current personal assets, is deposited and maintained in a segregated account, and the name, number, and location of Defendant's segregated account is disclosed to the Commission within five (5) days of entry of this Order or the date said account is opened, whichever occurs last;

d. all monthly account statements for and documents regarding any deposits into Defendant's segregated account, including documents showing the source of the after-acquired income, are provided to the Commission on or before the 10th business day of each month for the period ending on the last day of the preceding calendar month, except that with respect to the first group of documents provided to the Commission, such group of documents shall encompass the period September 6, 2011 through the last day of the calendar month immediately preceding the delivery of such documents;

e. all after-acquired income in excess of the $4500.00 per month for living expenses shall remain frozen in the segregated account subject to the terms of this Order; and

f. all disclosures required to be made pursuant to this Paragraph 5 shall be made via e-mail, fax, or overnight delivery to:

> Eugenia Vroustouris
> Division of Enforcement
> U.S. Commodity Futures Trading Commission
> 1155 21st Street NW
> Washington, DC 20581
> evroustouris@cftc.gov
> (202) 418-5268
> (202) 418-5538 fax

IV.

*Bond Not Required Of Plaintiff*

**THE PARTIES AGREE AND IT IS FURTHER ORDERED** that:

6. Plaintiff Commission is an agency of the United States of America and, accordingly, no bond need be posted by the Commission.

IT IS SO ORDERED, this **20th** day of **Sept.**, 2011, at Charlotte, North Carolina at **4:48 p**M.

HON. MAX O. COGBURN, JR.
UNITED STATES DISTRICT JUDGE

APPROVED FOR ENTRY:

_____
Defendant Toby D. Hunter
Dated: 9/16/2011

U.S. Commodity Futures Trading Commission

*s/Eugenia Vroustouris*
Eugenia Vroustouris
Dated:

Eugenia Vroustouris
Virginia Bar No. 43681
(202) 418-5268
evroustouris@cftc.gov

Daniel C. Jordan
Virginia Bar No. 36382
(202) 418-5339
djordan@cftc.gov

Attorneys for Plaintiff
U.S. Commodity Futures Trading Commission
Division of Enforcement
1155 21st Street, NW
Washington, DC 20581
Telephone (202) 418-5330
Fax (202) 418-5538