IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11cv431

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, ) ) ) Plaintiff, ) ) Vs. ) ) PRESTIGE CAPITAL ADVISORS, LLC, ) a Delaware Limited Liability Company, ) D2W CAPITAL MANAGEMENT, LLC, ) a North Carolina Limited Liability Company, ) and TOBY D. HUNTER, and individual ) ) Defendant. ) ) | ORDER |

**THIS MATTER** is before the court on the government's Motion to Intervene and for a Stay of Civil Discovery and Other Pending Deadlines. In the motion, the government moves to intervene and for a stay in this matter pending the resolution of the corresponding criminal case (3:12cr237). The motion reflects that plaintiff U.S. Commodity Futures Trading Commission and defendant Toby Hunter have been consulted and consent to the motion.

Under Fed.R.Civ.P. 24(b), a third-party may be permitted to intervene "when an applicant's claim or defense and the main action have a question of law or fact in common." The court finds that the present case shares questions of law and fact with the related criminal case and will therefore grant the motion to intervene.

With respect to the government's second request, "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, (1936); see also United States v. Georgia Pacific Corp., 562 F.2d

294, 296 (4th Cir.1977) (noting that a motion to stay proceedings is committed to the sound discretion of the court). As indicated above, plaintiff and one defendant have indicated that they consent to the stay while the other two defendants, Prestige Capital Advisors and D2W Capital Management have not responded. Having considered the motion and other pleadings, the court enters the following order.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Government's Motion to Intervene and For a Stay of Civil Discovery and Other Pending Deadlines (#32) is hereby **GRANTED**. This matter is **STAYED** while the corresponding criminal case (3:12cr237) is resolved. Furthermore, the remaining motions will be disposed of as follows.

1. Plaintiff's Motion for Default Judgment as to Prestige Caital Advisors LLC and D2W Capital Management, LLC (#27) is **GRANTED** as follows:

    (a) The court orders Prestige to pay a civil monetary penalty of $6,949,122, which represents triple the monetary gain to Prestige as a result of its unlawful conduct (i.e., $4,686,557 (total pool participant deposits) - $1,466,567 (total trading losses) - $528,616 (total funds returned to pool participants) - $375,000 (total funds in frozen accounts) = $2,316,374 x 3= $6,949,122). The court further orders D2W to pay a civil monetary penalty of $280,000, which represents $140,000 for each violation alleged in the Complaint.

    (b) The court orders injunctive relief against defendants through incorporation by reference of ECF No. 27-2 as if fully set forth herein.

2. Third-Party Taylor Business Holding's Motion for Extension of Time to File Response/Reply (#28) is **DENIED WITHOUT PREJUDICE.**

3. Third-Party Taylor Business Holding's Motion to Intervene (#30) is **DENIED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

Signed: January 25, 2013

Max O. Cogburn Jr.
United States District Judge